IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, #A0185087,<br><br>                Plaintiff,<br><br>        v.<br><br>PRESIDENT DONALD J. TRUMP, *et al.*,<br><br>                Defendants. | CIVIL NO. 21-00029 JAO-KJM<br><br>DISMISSAL ORDER |

## **DISMISSAL ORDER**

Before the Court is pro se prisoner Francis Anthony Grandinetti, II's ("Grandinetti") "Presidential Writs of (MDL) Habeas Corpus, Illegal Custody, Military Detention, Federal Transfer Status, and Unlawful Federal Statutes, Contested, etc." ECF No. 1. For the following reasons, to the extent Grandinetti brings this action as a Petition for Writ of Habeas Corpus, it is DENIED, as is any request for a certificate of appealability. To the extent Grandinetti's pleading is meant to be a Prisoner Civil Rights Complaint, it is DISMISSED without prejudice.

# I. <u>DISCUSSION</u>

The Clerk of Court docketed this action as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  It is not clear whether that was Grandinetti's intent, however, because he labeled his pleading as a "Presidential Writs of (MDL) Habeas Corpus."  ECF No. 1 at 1.  Upon liberally construing his pleading, *see Eldredge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.'" (citation omitted)), the Court reviews it under both avenues of relief.

## A.  The Petition and Any Certificate of Appealability Are Denied

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") in the United States District Court states that district courts "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See*, *e.g.*, *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) (internal quotation marks and citation omitted).  A court may dismiss a petition for writ of habeas corpus on its own motion under Habeas Rule 4.  *See* Habeas Rule 4 Advisory Committee Notes; *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.");  *Grandinetti v. CoreCivic*, Civ. No. 18-00134 DKW-RLP, 2018 WL 2075318, at *1 (D. Haw. May 3, 2018) ("The Court may dismiss a petition for writ of habeas

2

corpus on its own motion under Habeas Rule 4, pursuant to the respondent's

motion to dismiss, or after an answer to the petition is filed." (citations omitted)).

Section 2254(a) states that a district court may entertain a habeas petition

"only on the ground that [a state prisoner] is in custody in violation of the

Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  If a

state prisoner's claim lies at "the core of habeas"—that is, if it challenges the fact

or duration of conviction or sentence—then in must be brought in habeas corpus.

*See Nettles v. Grounds*, 830 F.3d 922, 927–29 (9th Cir. 2016) (en banc).  If a state

prisoner's claim challenges any other aspect of prison life, it may not be brought in

habeas corpus and must be brought, if at all, under 42 U.S.C. § 1983.  *Id.* at 934.

None of Grandinetti's claims challenge the fact or duration of his conviction

or sentence.  Instead, Grandinetti makes a range of claims, including that:

(1) several federal statutes are "unlawful and unconstitutional"; (2) he should not

have been transferred to various correctional facilities; (3) Hawaii's correctional

facilities are "corruption-infested, overcrowded, and out of control"; (4) the

National Guard did not do a good job of combatting COVID-19; (5) he is opposed

to the death penalty; (6) the United States is bankrupt; (6) the State of Hawaii is

not a "full constitutional state"; (7) state prisoners should be able to vote for their

own "Hawaiian Government officials"; (8) prisoners should be able to cast

"prisoner votes" on the respectability of public officials; (9) prison gangs "have not

3

been managed or lawfully controlled"; and (10) the United States should be "cut . . . into three slices."  ECF No. 1 at 2–3.

Grandinetti's claims must be raised, if at all, under 42 U.S.C. § 1983.  *See Nettles*, 830 F.3d at 934.  That Grandinetti refers to habeas corpus in the caption of his pleading does not lead to a different conclusion.  *See id.* at 932 ("[I]t would wholly frustrate explicit congressional intent to hold that prisoners could evade the requirements of the PLRA by the simple expedient of putting a different label on their pleadings." (internal quotation marks and citation omitted)).

Grandinetti is not entitled to habeas relief under federal law and to the extent that is what he seeks, his Petition is DENIED.  Reasonable minds would not disagree about this dismissal, and any request for a certificate of appealability is DENIED.

## B.    Civil Rights Complaint

To the extent Grandinetti asserts a cause of action under 42 U.S.C. § 1983, he has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[1]  For more than

---

[1] *See*, *e.g.*, *Grandinetti v. Iranon*, No. 96-cv-00101-RC-KFG (E.D. Tex.) (dismissing § 1983 complaint as frivolous on January 26, 1998); *Grandinetti v. Iranon*, No. 96-cv-00118-TH (E.D. Tex.) (dismissing § 1983 complaint as frivolous on July 20, 1998); *Grandinetti v. Bobby Ross Group, Inc.*, No. 96-cv-00117-TH-WCR (E.D. Tex.) (dismissing § 1983 complaint as frivolous and for failure to state a claim on March 5, 1999); *Grandinette v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-FIY (D. Haw.) (dismissing § 1983 complaint for failure to

(continued . . .)

fifteen years, judges in this district have repeatedly told Grandinetti that he may

not pursue claims under 42 U.S.C. § 1983 without prepayment of the filing fee,

unless his pleadings plausibly show that he was in imminent danger of serious

physical injury at the time that he brings an action.[2]  *See Andrews v. Cervantes*,

493 F.3d 1047, 1052–53, 1055 (9th Cir. 2007).  Despite these repeated warnings,

Grandinetti has continued to file actions without prepaying the filing fee or

showing he was in imminent danger of serious physical injury, including more than

sixty actions in this court during the last five years alone.[3]

---

(. . . continued)
state a claim on August 1, 2000); *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x
576, 576 (9th Cir. 2011) (affirming district court's dismissal under 28 U.S.C. §
1915(g)'s "three strikes" provision).

[2]  *See*, *e.g.*, *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LK (D. Haw.);
*Grandinetti v. Moga-Rivera*, Civ. No. 06-00095 DAE-LEK (D. Haw.) (Order filed
Nov. 14, 2005); *Grandinetti v. Lingle*, Civ. No. 06-00137 HG-LK (D. Haw.)
(Order filed Apr. 3, 2006); *Grandinetti v. Arioyoshi*, Civ. No. 06-00146 JMS-LK
(D. Haw.) (Order filed Mar. 15, 2006); *Grandinetti v. Bent*, Civ. No. 06-00147
DAE-LK (D. Haw.) (Order filed Mar. 20, 2006); *Grandinetti v. FDC Branch Staff*,
Civ. No. 07-00053 DAE-KSC (D. Haw.) (Order filed Feb. 5, 2007); *Grandinetti v.
Honolulu Int'l Airport Offs.*, Civ. No. 07-00082 JMS-KSC (D. Haw.) (Order filed
Feb. 20, 2007); *Grandinetti v. Frank*, Civ. No. 07-00488 SOM-KSC (D. Haw.)
(Order filed Sept. 26, 2007); *Grandinetti v. Moga-Riveira*, Civ. No. 12-00397
SOM-KSC (D. Haw.) (Order filed Aug. 8, 2012); *Grandinetti v. Sakai*, Civ. No.
12-00432 HG-RLP (D. Haw.) (Order filed Aug. 10, 2012).

[3]  *See*, *e.g.*, *Grandinetti v. Redwood Toxicology Lab'y*, Civ. No. 15-00059 LEK-
KSC (D. Haw.); *Grandinetti v. Martinez*, Civ. No. 15-00081 SOM-KSC (D.
Haw.); *Grandinetti v. Olsen*, Civ. No. 15-00082 LEK-RLP (D. Haw.); *Grandinetti*

(continued . . .)

(. . . continued)

*v. Judiciary of Hawaii*, Civ. No. 15-00089 JMS-RLP (D. Haw.); *Grandinetti v. Taylor*, Civ. No. 15-00294 JMS-KSC (D. Haw.); *Grandinetti v. Humane Restraint Co.*, Civ. No. 15-00456 LEK-BMK (D. Haw.); *Grandinetti v. Matsuoka*, Civ. No. 16-00419 LEK-RLP (D. Haw.); *Grandinetti v. Stampfle*, Civ. No. 16-00436 JMS-RLP (D. Haw.); *Grandinetti v. Alexander*, Civ. No. 16-00480 LEK-KSC (D. Haw.); *Grandinetti v. Sells*, Civ. No. 16-00517 DKW-RLP (D. Haw.); *Grandinetti v. Jinbo*, Civ. No. 16-00674 LEK-KSC (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 17-00004 JMS-RLP (D. Haw.); *Grandinetti v. Mun*, Civ. No. 17-00215 DKW-KJM (D. Haw.); *Grandinetti v. Honolulu Police Dep't*, Civ. No. 17-00294 DKW-KJM (D. Haw.); *Grandinetti v. Urine Drug Test*, Civ. No. 17-00418 LEK-KSC (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 17-00505 DKW-KJM (D. Haw.); *Grandinetti v. Agaron-Payne Auditors*, Civ. No. 17-00591 JMS-KJM (D. Haw.); *Grandinetti v. Heggman*, Civ. No. 18-00111 HG-RLP (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 18-00208 JMS-KJM (D. Haw.); *Grandinetti v. Liaux*, Civ. No. 18-00289 JMS-RLP (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 18-00374 LEK-KJM (D. Haw.); *Grandinetti v. Hegmann*, Civ. No. 18-00396 DKW-RLP (D. Haw.); *Grandinetti v. Hamidi*, Civ. No. 18-00483 JAO-KJM (D. Haw.); *Grandinetti v. Mee*, Civ. No. 19-00187 LEK-KJM (D. Haw.); *Grandinetti v. Off. of the Pub. Def.*, Civ. No. 19-00205 LEK-RT (D. Haw.); *Grandinetti v. Pule*, Civ. No. 19-00208 DKW-RT (D. Haw.); *Grandinetti v. Zollinger*, Civ. No. 19-00242 JMS-RT (D. Haw.); *Grandinetti v. Ige*, Civ. No. 19-00278 DKW-RT (D. Haw.); *Grandinetti v. Corr. Corp. of Am. (CCA)*, Civ. No. 19-00291 JAO-KJM (D. Haw.); *Grandinetti v. Mun*, Civ. No. 19-00305 LEK-RT (D. Haw.); *Grandinetti v. Thomas*, Civ. No. 19-00312 JAO-KJM (D. Haw.); *Grandinetti v. Trump*, Civ. No. 19-00341 JAO-WRP (D. Haw.); *Grandinetti v. Thomas*, Civ. No. 19-00360 LEK-KJM (D. Haw.); *Grandinetti v. Circuit Ct. of the Third Circuit*, Civ. No. 19-00384 JAO-KJM (D. Haw.); *Grandinetti v. Oshiro*, Civ. No. 19-00409 JMS-KJM (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 19-00419 HG-KJM (D. Haw.); *Grandinetti v. Loza*, Civ. No. 19-00526 JMS-WRP (D. Haw.); *Grandinetti v. CoreCivic*, Civ. No. 19-00556 JAO-KJM (D. Haw.); *Grandinetti v. Haw. Paroling Auth. (HPA)*, Civ. No. 19-00559 SOM-KJM (D. Haw.); *Grandinetti v. Agaran*, Civ. No. 19-00568 LEK-KJM (D. Haw.); *Grandinetti v. Barajas*, Civ. No. 19-00569 JAO-KJM (D. Haw.); *Grandinetti v. Mee*, Civ. No. 19-00591 HG-WRP (D. Haw.); *Grandinetti v. Macadamia*, Civ. No. 19-00605 JAO-WRP (D. Haw.); *Grandinetti v. Saguaro Corr. Ctr.*, Civ. No. 19-00607 JMS-KJM (D. Haw.); *Grandinetti v. Off. of Disciplinary Couns.*, Civ. No. 19-00626 DKW-RT (D.

(continued . . .)

Grandinetti again fails to show that he was in imminent danger of serious physical injury when he filed this action.  *See* ECF No. 1.  Nothing within Grandinetti's pleading shows or even suggests that he was in imminent danger of serious injury.  *See Young v. Peterson*, 548 F. App'x 479, 480 (9th Cir. 2013) (affirming denial of application to proceed in forma pauperis because plaintiff "failed to allege sufficient facts to show that he was under an imminent danger of serious physical injury when he lodged his complaint" (citations omitted)); *Reberger v. Baker*, 657 F. App'x 681, 684 (9th Cir. 2016) ("[Plaintiff's]

---

(. . . continued)

Haw.); *Grandinetti v. Roth*, Civ. No. 19-00634 DKW-RT (D. Haw.); *Grandinetti v. Bradley*, Civ. No. 19-00684 LEK-WRP (D. Haw.); *Grandinetti v. Governors*, Civ. No. 19-00685 LEK-WRP (D. Haw.); *Grandinetti v. Anderson*, Civ. No. 20-00014 DKW-KJM (D. Haw.); *Grandinetti v. Hegmann*, Civ. No. 20-00017 DKW-RT (D. Haw.); *Grandinetti v. Valenzuela*, Civ. No. 20-00042 JMS-RT (D. Haw.); *Grandinetti v. Mun*, Civ. No. 20-00055 HG-RT (D. Haw.); *Grandinetti v. Frink*, Civ. No. 20-00068 DKW-RT (D. Haw.); *Grandinetti v. Ioane*, Civ. No. 20-00086 JMS-WRP (D. Haw.); *Grandinetti v. Espinda*, Civ. No. 20-00088 JMS-WRP (D. Haw.); *Grandinetti v. Mee*, Civ. No. 20-00110 LEK-RT (D. Haw.); *Grandinetti v. Sebastian*, Civ. No. 20-00109 SOM-KJM (D. Haw.); *Grandinetti v. CoreCivic*, Civ. No. 20-00155 JMS-RT (D. Haw.); *Grandinetti v. Robertson*, Civ. No. 20-00180 JAO-KJM (D. Haw.); *Grandinetti v. Rodby*, Civ. No. 20-00190 DKW-WRP (D. Haw.); *Grandinetti v. Hawaii*, Civ. No. 20-00253 SOM-RT (D. Haw.); *Grandinetti v. Off. of the Pub. Def.*, Civ. No. 20-00276 JAO-WRP (D. Haw.); *Grandinetti v. Inst. Grievance Officers, DPS-HI*, Civ. No. 20-00332 JAO-KJM (D. Haw.); *Grandinetti v. Nale*, Civ. No. 20-00344 JAO-RT (D. Haw.); *Grandinetti v. Komori*, Civ. No. 20-00346 DKW-WRP (D. Haw.); *Grandinetti v. Barajas*, Civ. No. 20-00347 LEK-RT (D. Haw.); *Grandinetti v. Harrington*, Civ. No. 20-00408 LEK-RT (D. Haw.); *Grandinetti v. Ruiz*, Civ. No. 20-00469 DKW-RT (D. Haw.); *Grandinetti v. Feldt*, Civ. No. 20-00467 SOM-KJM (D. Haw.); *Grandinetti v. HMSF Intake/Screening Physician*, Civ. No. 20-00471 LEK-WRP (D. Haw.).

allegations . . . are too vague and speculative to invoke the exception to the three-strikes rule.").  Any claims under 42 U.S.C. § 1983 are DISMISSED.

## III.  CONCLUSION

(1) To the extent Grandinetti seeks relief under 28 U.S.C. § 2254, his Petition and any request for a certificate of appealability are DENIED.

(2) To the extent Grandinetti seeks relief under 42 U.S.C. § 1983, his claims are DISMISSED without prejudice.  This does not prevent Grandinetti from raising any civil rights claims in a new action with concurrent payment of the civil filing fee.

(3) The Clerk is DIRECTED to terminate this case.  The Court will take no action on documents filed herein beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, January 29, 2021.



Jill A. Otake
United States District Judge